UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00164-03 |
| | CIVIL ACTION NO. 13-0188 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHNNY R. REED | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 374) filed by Petitioner Johnny R. Reed ("Reed"). Reed seeks an order from the Court vacating or reducing his sentence on the grounds of ineffective assistance of counsel. For the reasons set forth below, Reed's motion is **DENIED**.

### BACKGROUND

On September 16, 2009, pursuant to a written plea agreement, Reed plead guilty to Count One of a Ten Count Indictment which charged him with conspiracy to distribute 50 grams or more of cocaine base, or crack, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. See Record Documents 1, 135 and 136. On June 1, 2010, Reed was sentenced to 120 months imprisonment. See Record Documents 209 and 210. The remaining counts of the Indictment were dismissed at sentencing. See Record Document 209. The judgment was signed on June 14, 2010 and entered on June 15, 2010. See Record Document 210.

Reed filed a Notice for Out of Time Appeal on November 2, 2012. See Record Document 355. On November 13, 2012, Reed filed a Motion to Proceed *in Forma Pauperis* on Appeal. See Record Document 362. This motion was denied by this Court on

November 21, 2012:

> It is unclear to the Court whether petitioner Reed seeks to file a direct appeal to the Fifth Circuit or an "out of time" Section 2255 Motion. See Record Documents 355, 356. If petitioner seeks to file a direct appeal of his Judgment, the Motion to Proceed In Forma Pauperis is **DENIED** at this time based on the defects found in the affidavit. See Record Document 362-1 at 7. If petitioner seeks to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which seems more likely to the Court, the instant motion is also **MOOT** because no fees are assessed for the filing of a Section 2255 motion.
>
> Accordingly,
>
> **IT IS ORDERED** that Motion to Proceed In Forma Pauperis (Record Document 362) filed by Johnny Reed be and is hereby **DENIED**.

Record Document 364. In response to this order, Reed requested to proceed *pro se* on a Section 2255 motion. See Record Document 367. On March 6, 2013, the Fifth Circuit dismissed Reed's appeal "as erroneously docketed . . . in light of [his] response to the district court at Docket Entry #367 that he intended to file a 2255 motion, not a direct appeal of his criminal conviction." Record Document 379.

Now before the Court is Reed's Section 2255 motion, which was filed on January 22, 2013. See Record Document 374. He asserts the following grounds for relief:

(1) Ineffective assistance of counsel for failure to explain the right of appeal;

(2) Ineffective assistance of counsel for failure to object to the buy-sell relationship of the parties;

(3) Ineffective assistance of counsel for failure to object to separate types of drugs involved in transactions; and

(4) Ineffective assistance of counsel for failure to object to the conspiracy charge.

See id. Before considering the substantive grounds of Reed's Section 2255 motion, this Court must decide the issue of timeliness, as the Government argues that Reed did not file

his motion in accordance with the applicable statute of limitations.

## LAW AND ANALYSIS

In order to review the merits of a motion under Section 2255, it must be filed within the statute of limitations. Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Section 2255(f)(1) is controlling.

In connection with the filing of a Section 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." U.S. v. Thomas, 203 F.2d 350, 352 (5th Cir. 2000). "When a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." U.S. v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).[1]

Federal Rule of Appellate Procedure 4(b)(1)(a) provides that a defendant's notice

---

[1]On December 1, 2009, the time for filing a notice of appeal set forth in Federal Rule of Appellate Procedure Rule 4(b)(1)(a) was changed from 10 days to 14 days.

of appeal must be filed in the district court within 14 days after the entry of judgment. Here, Reed had 14 days from June 15, 2010 to file a notice of appeal. He did not file a notice of appeal within that time frame and his conviction became final on June 29, 2010.[2] Reed then had one year from June 29, 2010 to file his Section 2255 motion. He did not file the instant motion until January 2013. Thus, his Section 2255 motion is dismissed as untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Reed's claims fail because his Section 2255 motion is untimely. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 374) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

---

[2]Reed did file a Notice for Out of Time Appeal on November 2, 2012. See Record Document 355. There is no dispute that this appeal was untimely and Reed later admitted that his intention was to file a Section 2255 motion, not a direct appeal. See Record Document 379.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of February, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE